IN THE MATTER OF THE APPLICATION OF THE NEW YORK, LACKAWANNA AND WESTERN RAILWAY COMPANY, RESPONDENT, TO ACQUIRE A CROSSING OF THE BUFFALO, NEW YORK AND ERIE RAILROAD COMPANY, AND THE NEW YORK, LAKE ERIE AND WESTERN RAILWAY COMPANY, APPELLANTS, OVER THEIR RAILROAD IN THE TOWN OF ERWIN.

*Railroads — proceedings by one company to acquire a right to cross the tracks of another — the proceedings are not stayed by an appeal taken from an order refusing to change the route.*

APPEAL from an order of the Monroe Special Term appointing three commissioners to fix and adjust the crossing of the railroad of the New York, Lake Erie and Western Railway Company, and the Buffalo, New York and Erie Railroad Company, by the railroad of the New York, Lackawanna and Western Railroad Company, and to declare the points and manner of the line or lines, the grade or grades of such crossing and the compensation to be paid therefor; also an appeal from an order of reference made in the proceedings to take proof and report to the Special Term.

The court at General Term, after considering other objections, said: "Appellants took proceedings to have the respondent's route changed. The proceedings resulted in an order refusing to change the route. That order was affirmed by this court, and an appeal from our order is pending in the Court of Appeals. We think the pendency of that appeal is not a bar to the proceedings to acquire a crossing under section 28, and that the objection made in that regard was properly overruled at Special Term. The order refusing to change the location, and the affirmance thereof, is binding upon the constructing road and the occupant of the road over which a crossing is sought. The route, therefore, of the constructing road has been located, and until the order refusing to change the location is reversed the route is effectually established and sufficiently located to answer the requirements of the statute. "*In re the Application of the New York, Lackawanna and Western Railroad Company,* and *Avon G. and Western Railroad Company,* we held that a railway company must locate its route

before it can maintain proceedings, under section 28 of the general railroad act, to acquire a crossing of the railroad of another company. We are not willing to hold that an appeal from an order establishing a location, or refusing to change it, is a barrier to proceedings under section 28 to acquire a crossing.

"We find nothing in *New York and Boston Railroad Company* v. *Godwin* (12 Abb. [N. S.], 21) justifying such a holding. The proceedings to change the route had terminated adversely to the appellants before the order now under review was made by the Special Term.

"The court in Special Term had jurisdiction to make the order now under review, and did not err in so making it, notwithstanding the appeal to the Court of Appeals from our order affirming the order refusing a change of location." (*Mather* v. *N. Y., L. and W. R. R. Co.*, 88 N. Y., 280.)

*D. C. Robinson* and *G. B. Bradley*, for the appellants.

*J. McGuire*, for the respondent.

Opinion by HARDIN, J.; BARKER, J., concurred; SMITH, P. J., not sitting.

Each order appealed from affirmed, with ten dollars costs in one case, and in each case disbursements.